IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MCS MUSIC AMERICA, INC., a California corporation; MUSIC COPYRIGHT SOLUTIONS PLC, a United Kingdom business entity, d/b/a SU-MA PUBLISHING COMPANY; MARK FARNER, Individually, and d/b/a CRAM RENRAFF COMPANY; DANNY SIMPSON, an individual, d/b/a DANNY SIMPSON MUSIC; DAVID HOFFNER, an individual, d/b/a FIELDS OF AUTUMN PUBLISHING; CHARLIE BLACK, an individual, d/b/a SONGS IN BLACK INK; R GANT MUSIC GROUP, INCORPORATED, a Tennessee corporation, d/b/a HELLO DARLIN' MUSIC; CHARLES LLOYD, Individually, and d/b/a FOREST FARM MUSIC; DARIUS BROOKS, an individual, d/b/a FROM D's PEN; HAPPY SACK MUSIC, LTD., a Canadian business entity, d/b/a VISA MUSIC; SI KAHN, Individually, and d/b/a JOE HILL MUSIC; LAURENCE WEISS, Individually, and d/b/a RHINESTONE COWBOY MUSIC CO.; SLL MUSIC, LLC, a Tennessee limited liability company, d/b/a SLL MUSIC and I-FORTY MUSIC; TIMOTHY WILSON, an individual, d/b/a TIMOTHY C. WILSON MUSIC and TIMOTHY WILSON MUSIC; DYYOR, INC., a California corporation, d/b/a Seven Centers Publishing; and JOHN MCCUTCHEON, Individually, and d/b/a APPALSONGS and APPALSEED PRODUCTIONS<br>　　　　Plaintiffs,<br><br>v.<br><br>NAPSTER, INC., a Delaware corporation; and NAPSTER, LLC, a Delaware limited liability company,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>No. _____ |

1

## COMPLAINT FOR INJUNCTION AND DAMAGES

**COME NOW** the Plaintiffs, by and through counsel, and for complaint against Defendants Napster, Inc. and Napster, LLC (hereinafter collectively referred to as "Napster") would state as follows:

### A. INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* for injunctive relief and to recover, at Plaintiffs' election either actual or statutory damages, plus discretionary costs, reasonable attorney's fees and costs for Defendant's willful violations of the Act. Additionally, this action is brought under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*, seeking compensatory and statutory damages, plus discretionary costs, reasonable attorney fees and costs for Defendant's willful and/or knowing violations of the Act.

### B. JURISDICTION & VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1338(a). Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a). Additionally, at all times relevant herein, Napster has targeted its business efforts into the State of Tennessee and has entered into multiple subscription agreements for its subscription music service with residents and citizens of the State of Tennessee, and in doing so is potentially subjecting citizens of Tennessee to individual liability for copyright infringement, thus subjecting itself to the jurisdiction of this Court and further making this District the proper venue.

2

## C. PARTIES

3. Plaintiff MCS Music America, Inc. (hereinafter "MCS") is a California corporation with its principal place of business in Nashville, Tennessee. MCS is duly authorized as a foreign corporation with the Tennessee Secretary of State and is authorized to conduct business within the State of Tennessee. MCS is a copyright administration company that administers approximately forty-five thousand (45,000) copyrights, and is the current or previous exclusive copyright and licensing administrator for each named Plaintiff, with the exception of Plaintiff John McCutcheon.

4. Music Copyright Solutions PLC d/b/a Su-Ma Publishing Company is a corporation organized under the laws of the United Kingdom with its principal place of business in London, England. Music Copyright Solutions PLC is the parent of MCS Music America, Inc.

5. Plaintiff Mark Farner, Individually and d/b/a Cram-Renraff Company is a citizen and resident of Michigan.

6. Plaintiff Danny Simpson, an individual d/b/a Danny Simpson Music is a citizen and resident of Tennessee.

7. Plaintiff David Hoffner, an individual d/b/a Fields of Autumn Publishing is a citizen and resident of Tennessee.

8. Plaintiff Charlie Black, an individual d/b/a Songs In Black Ink is a citizen and resident of Florida.

9. Plaintiff R Gant Music Group, Incorporated, d/b/a Hello Darlin' Music is a Tennessee corporation.

10. Plaintiff Charles Lloyd, Individually and d/b/a Forest Farm Music is a citizen and

3

resident of California.

11. Plaintiff Darius Brooks, an individual d/b/a From D's Pen is a citizen and resident of Illinois.

12. Plaintiff Happy Sack Music, Ltd., d/b/a Tessa Publishing Company and Visa Music, is a corporation organized under the laws of Canada, with its principal place of business in Toronto, Ontario, Canada.

13. Plaintiff Si Kahn, Individually and d/b/a Joe Hill Music is a citizen and resident of North Carolina.

14. Plaintiff Laurence Weiss, Individually and d/b/a Rhinestone Cowboy Music Co., is a citizen and resident of Tennessee.

15. Plaintiff SLL Music, LLC, d/b/a SLL Music and I-Forty Music is a Tennessee limited liability company.

16. Plaintiff Timothy Wilson, an individual d/b/a Timothy C. Wilson Music and Timothy Wilson Music is a citizen and resident of Tennessee.

17. Plaintiff Dyyor, Inc., d/b/a Seven Centers Publishing is a California corporation.

18. Plaintiff John McCutcheon, Individually and d/b/a Appalsongs and Appalseed Productions, is a citizen and resident of Virginia.

19. Upon information and belief Defendant Napster, Inc., is a Delaware corporation with its principal place of business in California.

20. Upon information and belief, Defendant Napster, LLC, is a Delaware limited liability company with its principal place of business in California.

4

## D. FACTUAL ALLEGATIONS

21. Plaintiffs are the sole legal or beneficial owners of the copyrighted works listed on the attached **Exhibit "A"**, which is incorporated herein by reference. Said Exhibit "A" identifies the copyright registration number(s) and the Plaintiff copyright claimant for each copyrighted work.

22. Plaintiffs are the legal or beneficial owners in part of all copyrighted works listed on the attached **Exhibit "B"**, which is incorporated herein by reference. Said Exhibit "B" identifies the copyright registration number(s) and the Plaintiff copyright claimant for each copyrighted work.

23. Plaintiff MCS Music America, Inc., while not owning any of the referenced copyrighted works, is the current or previous exclusive copyright and licensing administrator for each named Plaintiff, with the exception of Plaintiff John McCutcheon, and, as exclusive licensing agent for a percentage of income, has a beneficial interest in the outcome of this litigation. Further, Plaintiff MCS Music America, Inc., alleges, with all other Plaintiffs, Cause of Action III as provided herein.

24. Each of the copyrighted works listed on Exhibits "A" and "B" have been registered with the United States Copyright Office, as evidenced by the listing of copyright registration numbers for each copyrighted work on the attached Exhibits "A" and "B" and the copyright registration certificates attached hereto as **Exhibit "C"**. For the copyrighted works in which Plaintiffs are not currently in possession of the copyright certificates, printouts from the United States Copyright Office website (www.copyright.gov) are included in said Exhibit "C" indicating the copyright registration number and copyright claimant to each work. Also included in said Exhibit "C" is a listing of copyrighted works in which Plaintiffs are not currently in possession of the copyright certificates which were registered prior to the dates available on

5

www.copyright.gov.

25. Napster operates an internet music subscription service that in part allows consumers to pay a monthly fee to Napster for the ability to download an unlimited number of recordings from the Napster computer server(s).

26. Said downloads remain on the consumers computer as long as the consumer pays to Napster the monthly subscription fee.

27. Napster's internet music subscription service also in part allows consumers paying said monthly fee to Napster the ability to stream on demand the entire composition of an unlimited number of recordings from the Napster computer server(s).

28. Napster's internet music subscription service also in part allows any registered user, for no fee, to stream on demand the entire composition of recordings from the Napster computer server(s).

29. Without Plaintiffs' permission or authorization, Napster has copied sound recordings embodying Plaintiffs' copyrighted works onto its computer server(s) which house the content of its internet music subscription service, located on the world wide web at www.napster.com. Napster has copied multiple recorded versions of each of Plaintiffs' copyrighted works listed on Exhibits "A" and "B", as evidenced by the list of recordings, available on the Napster website, which embody Plaintiffs' copyrighted works, attached hereto as **Exhibit "D"** and **Exhibit "E"** and incorporated herein by reference, and upon information and belief, Napster has copied many more copyrighted works owned or controlled by Plaintiffs.

30. Without Plaintiffs' permission or authorization, Napster has copied, via download to its subscribers, Plaintiffs' copyrighted musical works onto its subscribers' computers. Napster

6

has allowed each of Plaintiffs' copyrighted musical works listed on Exhibits "A" and "B", as embodied on the recordings listed on Exhibit "D", to be downloaded by its subscribers an, as of yet, unknown number of times.

31. Also without Plaintiffs' permission or authorization, Napster has copied and performed, via its stream on demand service to its subscribers, Plaintiffs' copyrighted musical works. Napster has allowed each of Plaintiffs' copyrighted musical works listed on Exhibits "A" and "B", as embodied on the recordings listed on Exhibit "D", to be streamed on demand by its subscribers an, as of yet, unknown number of times.

32. Although currently not available for download or stream on demand, upon reasonable information and belief, and without Plaintiffs' authorization or permission, Napster has previously copied and performed Plaintiffs' copyrighted musical works, as embodied in the recordings listed on Exhibit "E", via download or stream on demand to its subscribers and registered users an, as of yet, unknown number of times.

33. Napster did not seek nor obtain permission or authorization from Plaintiffs prior to copying Plaintiffs' copyrighted works onto Napster's computer server(s) and making said works available for subscription download and/or stream on demand to all subscribers and or registered users of the Napster music subscription service.

34. Also upon information and belief, Napster continues to make unauthorized copies, via subscription download and stream on demand, of these and other copyrighted musical works owned by Plaintiffs to expand the offerings on Napster's subscription service.

35. In September, 2005, Napster sent MCS a form license agreement seeking authorization and permission for the use of the copyrights owned or controlled by Plaintiffs on its

7

internet music subscription service, a copy of which is attached hereto as **Exhibit "F"**, but said license has not been negotiated or signed by either party.

36. An employee of MCS, in response to the inquiry by Napster, subscribed to Napster's internet music subscription service in an attempt to see how the service operated.

37. Upon subscribing, the MCS employee discovered and downloaded from Napster's server(s) many of the sound recordings embodying the copyrighted compositions owned or controlled by Plaintiffs on the attached Exhibit "D".

38. Since that time, Plaintiffs have downloaded or listened via stream on demand to the remaining recordings embodying Plaintiffs' copyrighted works listed on Exhibits "D" and "E".

39. Napster had knowledge at the time it made all unauthorized copies of Plaintiffs' copyrighted works that it was required to obtain authorization via a license from MCS prior to its use of Plaintiffs' copyrighted works, as further evidenced by a series of three (3) e-mails from an employee of Napster to an employee of MCS, copies of which are collectively attached hereto as **Exhibit "G"** and incorporated herein by reference.

40. Napster has made the recordings embodying the copyrighted works available to the general public without any compensation to Plaintiffs.

### E. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Copyright Infringement)

41. Plaintiffs hereby adopt, realleges and incorporate by reference the allegations contained in Paragraphs 1 through 40 above.

42. Each instance whereby a copyrighted work owned by Plaintiffs was copied by

8

Defendants onto Defendants' computer server(s) for use on its internet music subscription service relating to consumer downloads constitutes a separate act of infringement and a separate violation of 17 U.S.C. 101, *et seq.*

43. Each instance whereby a copyrighted work owned by Plaintiffs and copied by Defendants via download to their subscribers constitutes a separate act of infringement and a separate violation of 17 U.S.C. 101, *et seq.*

44. Each of Defendants' acts of infringement was willful within the meaning of 17 U.S.C. 101, *et seq.*

45. Plaintiffs have suffered economic damage and irreparable harm as a result of Defendants' continuing acts of infringement.

## SECOND CAUSE OF ACTION
### (Copyright Infringement)

46. Plaintiff hereby adopts, realleges and incorporates by reference the allegations contained in Paragraphs 1 through 40 above.

47. Each instance whereby a copyrighted work owned by Plaintiffs was copied by Defendants onto Defendants' computer server(s) for use in its internet music subscription service relating to stream on demand is a separate act of infringement and a separate violation of 17 U.S.C. 101, *et seq.*

48. Each instance whereby a copyrighted work owned by Plaintiffs and copied and/or performed by Defendants via stream on demand to their subscribers is a separate act of infringement and a separate violation of 17 U.S.C. 101, *et seq.*

49. Each of Defendants' acts of infringement was willful within the meaning of 17

9

U.S.C. 101, *et seq.*

50. Plaintiffs have suffered economic damage and irreparable harm as a result of Defendant's continuing acts of infringement.

## THIRD CAUSE OF ACTION
(Violations of Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*)

51. Plaintiff hereby adopts, realleges and incorporates by reference the allegations contained in Paragraphs 1 through 40 above.

52. Defendants have utilized, without license, authorization or permission, Plaintiffs' copyrighted works on Defendants' internet music service, www.napster.com, for the uses complained hereof in the First and Second Causes of Action contained herein, and Defendants continue to do so.

53. Defendants have utilized said copyrighted works for their own economic benefit.

54. Defendants' unauthorized use of the copyrighted works and circumvention of Plaintiff MCS Music America, Inc.'s exclusive rights to license the copyrighted works constitute unfair acts or deceptive practices in violation of Tenn. Code Ann. § 47-18-101, *et seq.*

55. Defendants' unfair acts or deceptive practices are potentially subjecting citizens of Tennessee to individual liability for copyright infringement.

56. Plaintiffs have suffered economic damages as a result of Defendants' unfair acts and deceptive practices.

## F. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against the Defendants for:

1. A judgment that each instance whereby each of Plaintiffs' copyrighted works was

10

copied by Defendants onto Defendants' computer file server(s), without authorization, constitutes a separate act of infringement upon Plaintiffs' copyrights in violation of the Copyright Act;

2.  A judgment that each instance whereby each of Plaintiffs' copyrighted works was copied by Defendants via download to their subscribers, without authorization, constitutes a separate act of infringement upon Plaintiffs' copyrights in violation of the Copyright Act;

3.  A judgment that each instance whereby each of Plaintiffs' copyrighted works was copied and/or performed by Defendants via stream on demand to their subscribers and registered users, without authorization, constitutes a separate act of infringement upon Plaintiffs' copyrights in violation of the Copyright Act;

4.  A judgment that each act of infringement was willful.

5.  An Order requiring Defendants to remove all infringing copies of Plaintiffs' copyrighted works from Defendant's computer servers and www.napster.com website;

6.  An order requiring Defendants to deliver up for destruction all infringing materials, including all discs, drives or other storage media, that contain infringing copies of Plaintiffs' copyrighted works;

7.  An award to Plaintiffs, at their election, of either (i) actual damages and profits derived by Defendants as a result of their infringing activities, pursuant to 17 U.S.C. § 504(b), or (ii) statutory damages in the maximum amount of $150,000 per each act of infringement of Plaintiffs' copyrighted works, pursuant to 17 U.S.C. § 504(c);

8.  An injunction enjoining Defendants and their respective agents, employees, officers and directors, successors, licensees and assigns from further infringement of Plaintiffs' copyrighted works;

11

9. Compensatory and statutory damages for Defendants' violations of the Tennessee Consumer Protection Act.

10. Discretionary costs;

11. Reasonable attorney fees and costs;

12. For such other and further relief as this Court deems appropriate.

Respectfully submitted,

**JOHN H. LOWE & ASSOCIATES**

By: _____
**Stephen E. Grauberger (#23652)**
**John H. Lowe (#6362)**
405-A Two Mile Pike
Goodlettsville, TN 37072
TEL (615) 859-9665
FAX (615) 851-9666
*Attorneys for Plaintiffs*

12