IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MCS MUSIC AMERICA, INC., et al.     )
                                    )
v.                                  ) NO. 3:06-1197
                                    ) JUDGE CAMPBELL
NAPSTER, INC., et al.               )

## MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, to Transfer to the Central District of California (Docket No. 12). For the reasons stated herein, Defendants' Motion to Dismiss is DENIED,[1] and Defendants' Motion to Transfer is GRANTED.

## FACTS

On December 15, 2005, Plaintiff MCS Music America, Inc. and others brought a copyright infringement action against Defendant Napster, Inc. in this Court. Case No. 3:05-1053. On November 8, 2006, the Court granted Plaintiffs' Motion to Allow Voluntary Dismissal and dismissed that case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). See Docket No. 24 in Case No. 3:05-1053.

On November 15, 2006, Napster filed an action in the U.S. District Court for the Central District of California against each party who is a Plaintiff herein except for one, seeking declaratory judgment as to whether its music service offerings infringe upon any copyrights or other interests of the Defendants in that action (Plaintiffs herein).

On December 15, 2006, Plaintiffs filed this action, alleging copyright infringement and violations of the Tennessee Consumer Protection Act ("TCPA") by Napster.

---

[1] Therefore, the Court will not address Plaintiffs' Objections to Motion to Dismiss (Docket No. 20).

Dockets.Justia.com

Defendants have moved to dismiss or transfer this action, arguing that the claims herein are compulsory counterclaims in the California action, that the California action was the first filed, and alternatively, that the case should be transferred to California, pursuant to 28 U.S.C. § 1404(a).[2]

## FIRST-TO-FILE DOCTRINE

The first-to-file rule is a doctrine of federal comity that promotes judicial efficiency. Fuller v. Abercrombie & Fitch Stores, Inc., 370 F.Supp. 2d 686, 688 (E.D. Tenn. 2005). The rule provides that when duplicative lawsuits are pending in separate federal courts, the entire action should be decided by the court in which the action was first filed. Id. The most basic aspect of the first-to-file rule is that it is discretionary. Plating Resources, Inc. v. UTI Corp., 47 F. Supp.2d 899, 903 (N.D. Ohio 1999).

When the California action was filed, there was no duplicative lawsuit pending in this Court. Plaintiffs' 2005 action had been dismissed. Absent explicit conditions to the contrary, a voluntary dismissal under Fed. R. Civ. P. 41(a) wipes the slate clean, making any future lawsuit based on the same claim an entirely new lawsuit unrelated to the earlier, dismissed action. Sandstrom v. Chemlawn Corp., 904 F.2d 83, 86 (1st Cir. 1990) (citing Bomer v. Ribicoff, 304 F.2d 427, 428 (6th Cir. 1962)). Thus, the California action was the first filed.

In determining whether actions are duplicative and the first-to-file rule applies, courts consider (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. Fuller, 370 F.Supp.2d at 688. The parties and issues need not be identical. Id. Rather, the crucial inquiry is whether the parties and issues substantially overlap. Id.

---

[2] On February 13, 2007, the California court entered an Order staying the California action pending this Court's ruling on Defendants' Motion to Dismiss or Transfer. See Docket No. 49.

The Court finds that the parties and issues of this case substantially overlap the parties and issues of the California action. A resolution in the California action would leave little to be decided in this action. Because the claims arise from the same transaction or occurrence, Plaintiffs may raise their claims herein as counterclaims in the California action, pursuant to Fed. R. Civ. P. 13(a).[3]

The differences between the two actions are not sufficient to overcome the substantial similarities. Napster's declaratory judgment action and the allowable counterclaims will settle the controversy at issue and will serve a useful purpose in clarifying the legal relations in issue. Plough, Inc. v. Allergan, Inc., 741 F.Supp. 144, 147 (W.D. Tenn. 1990).

Under the first-to-file rule, the suit which is first filed should have priority, absent a showing of a balance of convenience or special circumstances giving priority to the second suit. 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F.Supp. 128, 132 (S.D. N.Y. 1994). Plaintiffs argue that an exception to the first-to-file rule should apply because Defendants had actual notice that Plaintiffs intended to refile their claims against Defendants. Circumstances where an exception to the rule will arise include cases of bad faith, anticipatory suits, and forum shopping. Plating Resources, 47 F.Supp.2d at 905.

In this case, at the time the California action was filed, Plaintiffs' 2005 action had been dismissed. There is no allegation here that Napster coaxed Plaintiffs into delaying to refile their claims so that Napster could file first and choose its forum. See Plough, 741 F.Supp. at 147. A party who threatens to file suit, but delays, acts at the risk that the threatened party will be the first

---

[3] Plaintiffs' TCPA claims do not require a different result. The compulsory counterclaim analysis does not ask whether a claim is based in federal or state law, but rather, whether it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. Eon Laboratories, Inc. v. Smithkline Beecham Corp., 298 F.Supp. 2d 175,182 (D. Mass. 2003).

to file. Id. The Court finds that Plaintiffs have not carried their burden to show special circumstances which would justify an exception to the first-to-file rule in this case.[4]

Accordingly, the Court, in its discretion, concludes that the appropriate course is to transfer this action to the California court handling the California action,[5] pursuant to its inherent authority under the first-to-file rule. See Fuller, 370 F.Supp. 2d. at 690-91. Nothing about the 2005 litigation in this Court makes it more efficient for the case to be tried here; for instance, the first motion this District Judge ruled upon in that case was the Motion for Voluntary Dismissal. In order to avoid duplication and in the interest of justice, this case should be transferred so the issues presented can be resolved in the earlier-filed action pending in California.

## CONCLUSION

Defendants' Motion to Dismiss is DENIED and Defendants' Motion to Transfer is GRANTED. The Clerk is directed to transfer this action to the U.S. District Court for the Central District of California.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[4] A party has a right to seek declaratory judgment where a reasonable apprehension exists that if it continues an activity it will be sued by another party. 800-Flowers, 860 F.Supp. at 132. Such an exercise of a party's right to declaratory relief does not necessarily constitute an anticipatory filing for purposes of an exception to the first filed rule. Id.

[5] Personal jurisdiction issues and/or issues about preemption are for the California court to determine.